The defendant, Arthur W. Craig, appeals from his conviction, after a bench trial, of operating under the influence of intoxicating liquor, third offense, G. L. c. 90, § 24(1)(a )(1). He also appeals from an order denying a postconviction motion to dismiss that is based on a claim of lost or destroyed evidence. Concluding that the District Court judge acted within his discretion in denying the defendant's motion to dismiss and concluding that the evidence was sufficient to support the conviction, we affirm.[2]
1. Lost or destroyed evidence. We review the motion judge's denial of the defendant's motion to dismiss based on lost or destroyed evidence for an abuse of discretion. Commonwealth v. Kee, 449 Mass. 550, 554 (2007). The defendant "bear[s] the initial burden of demonstrating the exculpatory nature of that evidence." Commonwealth v. Williams, 455 Mass. 706, 718 (2010). Specifically, the defendant must "establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the [evidence] would have produced evidence favorable to his cause." Kee, supra, quoting from Commonwealth v. Dinkins, 440 Mass. 715, 717 (2004) (internal quotation marks omitted).
Here, the defendant presented no evidence that the booking videotape (video) would have been exculpatory. The defendant presented no affidavit concerning what occurred at booking, instead relying on defense counsel's opinion that "the booking video in an OUI prosecution is a very important piece of evidence as it usually 'makes or breaks' the case when the fact finder can observe the defendant with his own eyes." At the evidentiary hearing, the defendant again eschewed presenting any evidence concerning what occurred at booking. Instead, the defendant relied on argument that a booking video allows one to "see whether he was steady on his feet, whether his eyes appeared glassy." In short, the defendant presented nothing other than what the booking video could have shown. "A claim that the evidence 'could have' exonerated him is speculative at best." Kee, 449 Mass. at 555.[3]
The lack of a basis for the defendant's motion is highlighted by comparing it to the basis in Commonwealth v. Heath, 89 Mass. App. Ct. 328 (2016). There, the defendant presented his own affidavit attesting that an officer assaulted him, he did not assault the officer, and a video of the event would demonstrate these facts. Id. at 335. Here, the defendant's showing falls short of that in Heath.
2. Sufficiency of the evidence. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
Here, "the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). To prove the third element, the Commonwealth "must prove a diminished capacity to operate safely." Commonwealth v. Morse, 468 Mass. 360, 377 (2014), quoting from Commonwealth v. Daniel, 464 Mass. 746, 756 (2013). Here, only the third element is contested.
The defendant's speech was slurred, his eyes were bloodshot, and his breath smelled of alcohol. He admitted to having "a few drinks." He was unable to recite the entire alphabet. He was unsteady on his feet, unable to walk in a straight line, and could not follow instructions. In the opinion of both the arresting officer and the booking officer, he was intoxicated. These "classic symptoms of alcohol intoxication" provided enough evidence for the judge to find the defendant guilty beyond a reasonable doubt. Gallagher, 91 Mass. App. Ct. at 392.
Judgment affirmed.
Order entered June 22, 2016, denying postconviction motion, affirmed.

The stay of execution of sentence is vacated. Mass.R.A.P. 6(b)(5), as appearing in 454 Mass. 1601 (2009).

The defendant invites us to consider defense counsel's posttrial affidavit. This was not before the original motion judge and it suffers from the same speculative nature as the rest of the defendant's submission.